Filed 11/21/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B271932 and B275527 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA410301) |
| JAMES ROTH, | |
| Defendant and Appellant. | |

APPEALS from orders of the Superior Court for Los Angeles County, Katherine Mader, Judge.  Affirmed.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General,  Mary Sanchez and Margaret E. Maxwell, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant James Roth pleaded no contest to, and was convicted of, second degree burglary (Pen. Code,[1] § 459), a felony, based upon his entry into a storage locker with the intent to commit larceny. The trial court imposed sentence, but suspended execution and placed defendant on probation. His probation subsequently was revoked after the car he was driving was stopped by the police, who found methamphetamine in a bag that belonged to his passenger. Before the probation violation hearing was conducted, defendant filed a petition under section 1170.18 (part of the Safe Neighborhoods and Schools Act, which was passed by the voters as Proposition 47), asking the trial court to recall and resentence his conviction as a misdemeanor. The trial court granted the petition (without objection by the prosecutor), imposed a misdemeanor sentence, and placed defendant on summary probation. A month later, the court realized it had made a mistake in granting the petition because defendant's conviction did not qualify for recall under Proposition 47, and therefore the misdemeanor sentence was unauthorized. After providing defendant an opportunity to be heard, the trial court vacated the misdemeanor sentence and reinstated defendant's felony conviction and sentence. The trial court subsequently conducted the probation violation hearing, found that defendant had violated probation, and revoked probation and executed the felony sentence.

Defendant appeals from the order finding him in violation of probation and from the trial court's order vacating the misdemeanor

---

[1]     Further undesignated statutory references are to the Penal Code.

2

sentence and reinstating the felony sentence. With regard to the probation violation, defendant's appointed counsel filed a brief asking this court to independently review the record regarding the probation violation hearing in accordance with the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. With regard to the trial court's order vacating the misdemeanor sentence and reinstating the felony sentence, defendant contends the trial court violated the bar on double jeopardy found in the California and United States Constitutions (U.S. Const., 5th Amend.; *Benton v. Maryland* (1969) 395 U.S. 784, 794; Cal. Const., art. I, § 15) by imposing a sentence greater than the misdemeanor sentence it previously had imposed, because the misdemeanor sentence was not unauthorized.

We have reviewed the record of the probation violation hearing, and are satisfied that no arguable issues exist with regard to it. With respect to the reinstatement of the felony sentence, we conclude that the misdemeanor sentence was unauthorized, and therefore the trial court properly vacated it and reinstated the felony sentence.

## BACKGROUND

A.  *Original Conviction*

Because defendant pleaded no contest to the original charged crime, our discussion of the facts of the crime is based upon the testimony at the preliminary hearing.

In February 2013, Crecencio Ceballos-Luiz was renting a storage unit at the Extra Space Storage facility in Los Angeles. The storage unit was secured with a lock, for which only Ceballos-Luiz had a key.

3

On February 25, at approximately 6:00 p.m., Ceballos-Luiz was at his storage unit. When he left, he secured the unit with his lock. When he returned to the storage unit on February 27, his key did not work because there was a new lock on the unit. He ultimately gained access to the unit, and discovered that some of his tools were missing.

Defendant rented a storage unit near Ceballos-Luiz's unit at the Extra Space Storage facility. After viewing surveillance footage of the area where both units were located for the dates February 25 and 26, 2013, Los Angeles Police Department Detective Tae Hong interviewed defendant. Defendant admitted breaking into Ceballos-Luiz's storage unit. Defendant told the detective that he cut the lock, rolled open the door, went inside and took a few items, then closed the door and put his own lock on it.

On May 20, 2013, defendant was charged by information with one count of burglary as follows: "On or about February 25, 2013, in the County of Los Angeles, the crime of BURGLARY, in violation of PENAL CODE SECTION 459, a Felony, was committed by JAMES ROBERT ROTH, who did enter [a] storage locker with the intent to commit larceny and any felony." The information also alleged four prior prison term enhancements (§ 667.5, subd. (b)), one of which subsequently was dismissed, and a prior strike under the Three Strikes law (§§ 667, subds. (b)-(j), 1170.12).

On January 29, 2014, under a plea agreement, defendant pleaded no contest to the burglary charge and admitted the three prior prison term allegations and prior strike allegation. Defense counsel stipulated to a factual basis for the plea "based on the arrest report and the

4

transcripts." The trial court struck the prior strike allegation, found the burglary to be in the second degree, and imposed a sentence of nine years (which the court described as the upper term of six years, plus one year for each of the three prior prison term enhancements). The court suspended execution of the sentence, placed defendant on probation for 36 months, and ordered him to serve 365 days in a residential drug treatment program.

B.    *Probation Violations*

On June 8, 2015, the trial court revoked defendant's probation after receiving a report that defendant had failed to report for three drug tests. At the initial hearing on the violation, defense counsel explained that defendant had been hospitalized after a serious automobile accident, and upon his release from a one-month stay in the hospital, he entered a live-in drug program in which he is drug-tested. The court ordered a supplemental probation report, and continued the hearing.

At the continued hearing, held on July 21, 2015, the court found that defendant was not in violation of probation and reinstated probation. At 2:30 in the morning the following day, defendant was arrested. The setting of the probation violation hearing was continued for several months while proceedings on this new charge were conducted in a separate case.

C.    *Proposition 47 Petition*

On October 8, 2015, before the probation violation was adjudicated, defendant, represented by private counsel, filed a petition under section 1170.18 to recall his felony sentence and to resentence the conviction as a misdemeanor. In the petition, counsel listed the felony as "§ 459 P.C. (COMMERCIAL BURGLARY)," and indicated that the amount in question was not more than $950.

The hearing on the petition was held on November 12, 2015. At the hearing, the trial court asked the prosecutor whether defendant qualified for a sentence reduction, and the prosecutor responded, "Yes, Your Honor. He has no disqualifying prior felonies." The court then granted the petition, recalled the felony sentence and imposed a misdemeanor sentence under Proposition 47, and placed defendant on summary probation.

A month later, on December 11, 2015, the trial court issued an order to show cause, stating that it "may have improvidently granted [defendant's Proposition 47] petition because defendant's offense does not qualify for relief under Proposition 47 and the misdemeanor sentence is therefore unauthorized." The court pointed out that it retained jurisdiction over the case because the time for filing a notice of appeal from the ruling had not yet lapsed and no notice of appeal had been filed. It also observed that an unauthorized sentence may be set aside at any time while the court retained jurisdiction over the case. (Citing *People v. Amaya* (2015) 239 Cal.App.4th 379, 384-385 (*Amaya*).)

Addressing the facts regarding defendant's conviction, the court noted that defendant pled no contest to burglary, and that the evidence

6

presented at the preliminary hearing was that defendant broke into the victim's storage locker and stole tools. It observed that the elements of the crime of shoplifting, a new misdemeanor offense under Proposition 47, include entry into a commercial establishment with intent to commit larceny of property valued at $950 or less. Citing a decision from Division Five of this District that had been published a few weeks earlier -- *In re J.L.* (2015) 242 Cal.App.4th 1108 -- that discussed the meaning of "commercial establishment" and shoplifting (*id.* at pp. 1114 ["a commercial establishment is one that is primarily engaged in commerce, that is, the buying and selling of goods or services"], 1115 ["Shoplifting is commonly understood as theft of merchandise from a store or business that sells goods to the public"]), the court concluded that the crime to which defendant pled did not qualify as shoplifting because the victim's storage locker was not a business engaged in commerce. Therefore, the court issued an order to show cause why the November 12, 2015 order granting his Proposition 47 petition "should [not] be set aside as unauthorized by Proposition 47 and his felony conviction and sentence reinstated."

Defendant filed a response to the order to show cause in which he argued that his crime qualified as shoplifting because he stole items from a storage locker, which was located in a storage facility, which was a commercial establishment. Therefore, he contended he was entitled to resentencing as a misdemeanor under Proposition 47.

At the hearing on the order to show cause, held on January 21, 2016, the trial court reiterated the underlying facts of the crime, and why it did not constitute shoplifting: "[T]he defendant actually cut a

7

lock on a victim's storage locker, stole some tools and put his own lock on the inside storage locker. And this occurred between 8:00 and 9:00 p.m. [¶] I don't believe there is any information in the record as to whether or not the main storage facility was, in fact, open at that time. But it's clear to me that while the storage facility, in fact, may have been a commercial establishment and perhaps subject to Prop. 47, the individual storage locker belonging to an individual victim was not a commercial establishment. The individual storage locker had nothing to do with buying and selling of goods and services. This is a traditional second degree burglary." Therefore, the court set aside the November 12, 2015 order, finding it unauthorized under Proposition 47, and reinstated the original felony conviction.

D.    *Probation Violation Hearing*

The probation violation hearing was conducted on February 26, 2016 and April 5, 2016. According to the evidence presented at the hearing, police officer Denward Chin was on patrol at 2:30 a.m. on July 22, 2015, when he saw an older model car without a front license plate and with a rear paper plate. Officer Chin pulled up behind the car and activated his patrol car's red lights and siren. The car did not stop immediately, and continued driving between five and 20 miles per hour for a few blocks. Officer Chin followed the car, with his red lights on, chirping the siren, and shining a spotlight at the rear-view mirror. While he was following the car, Officer Chin noticed something like glitter or a reflective powder coming out of the front passenger-side window. He then saw a baggie with a white substance inside being

tossed out of the same window.  Shortly thereafter, the car made a turn and pulled over.

Defendant was in the driver's seat, and Erik Valencia was in the front passenger seat.  They were ordered from the car, and a backpack was recovered from the front passenger seat.  The backpack contained several cell phones, a bag containing what was determined to be 0.44 grams of methamphetamine, and empty plastic bags.  While defendant and Valencia were being held by other officers, Officer Chin went back to the area where he saw the baggie being thrown out of the window and recovered it; it contained what was determined to be 6.88 grams of methamphetamine.

Both defendant and Valencia testified at the probation violation hearing.  Both testified that the methamphetamine was Valencia's, and that defendant did not know that Valencia had methamphetamine until Officer Chin pulled up behind defendant's car and Valencia started to panic.  They also testified that they had never met before that morning.  They said they met when they both came to help a mutual friend who had been kicked out of her apartment move her belongings; after defendant drove the friend and her belongings to her ex-boyfriend's apartment, he agreed to give Valencia a ride.

The director of the residential drug treatment program that defendant attended also testified; his testimony raised questions about defendant's credibility and the veracity of defendant's story.

The trial court found that defendant was aiding and abetting Valencia and was consorting with someone who had narcotics for sale, and therefore violated his probation.  In ordering that his sentence be

9

executed, the court realized that the original nine year sentence was incorrect; it had imposed an incorrect upper term of six years, rather than the correct upper term of three years. Therefore, the court ordered that the unauthorized sentence of nine years be corrected nunc pro tunc to a sentence of six years (the upper term of three years, plus one year for each of the three prior prison term enhancements).

E.    *Notices of Appeal*

On April 29, 2016, defendant filed a notice of appeal from the April 5, 2016 order finding him in violation of probation and executing his suspended sentence. That same date, he also attempted to file a notice of appeal from the January 21, 2016 order in which the trial court vacated its earlier grant of defendant's Proposition 47 petition and reinstated defendant's felony sentence. The latter notice of appeal was rejected as untimely.

Defendant filed a motion in this court, asking for relief from default for his failure to timely file a notice of appeal. His motion was supported by, among other things, a declaration from Paul J. Cohen, the privately retained attorney who had represented him in the trial court proceedings at issue. Mr. Cohen explained that after the trial court's January 21, 2016 ruling, defendant indicated that he wanted to appeal, and Mr. Cohen told him that he would file a notice of appeal on his behalf. Due to an oversight, Mr. Cohen failed to timely do so. In his motion, defendant asked that we apply the doctrine of constructive filing set forth in *People v. Slobodion* (1947) 30 Cal.2d 362 and *In re Benoit* (1973) 10 Cal.3d 72, and grant him relief. We did so, and

10

directed the Los Angeles Superior Court to accept for filing as timely filed defendant's notice of appeal.

## DISCUSSION

A.    *Appeal From the Order Reinstating Felony Sentence*

Defendant contends on appeal that the trial court did not have jurisdiction to reinstate his felony sentence after the misdemeanor sentence had been entered into the court minutes, and that by doing so, the court violated his federal and state constitutional right to protection against double jeopardy.

As defendant correctly observes, the California Supreme Court has held that "a valid sentence may not be increased after formal entry in the minutes," because doing so would implicate double jeopardy concerns. (*People v. Karaman* (1992) 4 Cal.4th 335, 350 & fn. 16, italics omitted.) But the Supreme Court also has held that an *unauthorized* sentence, such as when the court is required to impose a certain minimum term but imposes a lesser term instead, "is considered invalid or 'unlawful' and may be increased even after execution of the sentence has begun." (*Id.* at p. 349, fn. 15.) The question presented in this case is: Was the misdemeanor sentence a valid sentence or an unauthorized sentence? If the former, the trial court's ruling vacating the misdemeanor sentence must be reversed; if the latter, the ruling must be affirmed. We conclude it is the latter.

11

1. *Unauthorized Sentences*

The issue of unauthorized sentences generally arises in the context of the waiver doctrine, i.e., whether an appellant may challenge a sentence on appeal despite having failed to raise an objection below. (See, e.g., *People v. Scott* (1994) 9 Cal.4th 331, 351-356 (*Scott*); *People v. Welch* (1993) 5 Cal.4th 228, 234-237 (*Welch*).)  As our Supreme Court has explained, "the 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal." (*Scott, supra*, 9 Cal.4th at p. 354.)

The Supreme Court observed that "a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case," and "commonly occurs where the court violates mandatory provisions governing the length of confinement." (*Scott, supra*, 9 Cal.4th at p. 354.)  In such a circumstance, the sentence is "subject to judicial correction whenever the error [comes] to the attention of the trial court or a reviewing court," even if the correction increases the sentence originally imposed. (*People v. Serrato* (1973) 9 Cal.3d 753, 763; see also *In re Ricky H.* (1981) 30 Cal.3d 176, 191.)  In contrast, "claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Scott, supra*, 9 Cal.4th at p. 354.)

## 2.	*The Misdemeanor Sentence in This Case*

As noted, defendant originally was convicted of second degree burglary, a felony, in January 2014, and a felony sentence was imposed. In November 2014, California voters approved Proposition 47, which reclassified as misdemeanors certain drug and theft offenses that previously had been felonies or "wobblers," and allowed defendants who had been convicted of those offenses as felonies to petition to seek resentencing as misdemeanors. (*In re J.L., supra*, 242 Cal.App.4th at pp. 1111-1112; *People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.)

One of those offenses is the crime of "shoplifting," which was created by Proposition 47, and codified at section 459.5. That statute provides, in relevant part: "(a) Notwithstanding Section 459 [i.e., the burglary statute], shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, [with certain exceptions not at issue here]. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5.)

Defendant petitioned to have his felony burglary sentence recalled and be resentenced for misdemeanor shoplifting. Having been told by the prosecutor -- incorrectly -- that defendant qualified for sentence

13

reduction and that he had no disqualifying felonies, the trial court granted the petition, vacated the felony sentence, and imposed a misdemeanor sentence. It subsequently determined, based upon the evidence that had been presented at the preliminary hearing, that defendant's conviction did not qualify as shoplifting because the burglary involved entry into a storage locker that was leased by an individual and kept locked, and therefore the locker was not a commercial establishment. Because defendant's conviction did not qualify for resentencing, the court vacated the misdemeanor sentence and reinstated the felony sentence.

3.     *The Misdemeanor Sentence Was Unauthorized*

In arguing that the misdemeanor sentence was not unauthorized, defendant seizes on language the Supreme Court used in explaining the difference between cases involving unauthorized sentences and those that do not. The Court in *Welch* noted that cases finding sentences unauthorized "generally involve pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." (*Welch, supra*, 5 Cal.4th at p. 235.) Defendant argues, based on this language, that his misdemeanor sentence "was not unauthorized, for it could not have been corrected without reference to the facts underlying his record of conviction."

Defendant looks for support in the reasoning of the appellate court in *Amaya, supra*, 239 Cal.App.4th 379, a case with facts similar to the facts presented here. In *Amaya*, the defendant sought resentencing under Proposition 36, which provided for resentencing of certain

14

sentences imposed under the Three Strikes law. (*Amaya*, *supra*, 239 Cal.App.4th at p. 381.) Based upon assurances by the prosecutor, defense counsel, and the court clerk that defendant was eligible for resentencing, the trial court granted defendant's request. A month later, the prosecutor discovered that, in fact, defendant was not eligible because a disqualifying gang allegation had been found to be true, and the trial court reinstated the defendant's original sentence. (*Ibid.*) The defendant appealed. Although the appellate court affirmed, it did so on the ground that the order reducing the sentence was void on its face, and expressly found that the sentence was *not* unauthorized because the record before the trial court at the time it granted the defendant's petition (which did not include any evidence showing the gang allegation had been found to be true) indicated that the defendant was eligible for sentence reduction. (*Id.* at pp. 386-387.) Thus, the appellate court concluded that the reduced sentence did not result in an error that was ""clear and correctable" independent of any factual issues presented by the record at sentencing,'" and was instead a "'sentence[] which, though otherwise permitted by law, [was] imposed in a procedurally or factually flawed manner.'" (*Id.* at p. 385, quoting *Scott*, *supra*, 9 Cal.4th at p. 354.)

Respectfully, we disagree with the appellate court's analysis of unauthorized sentences in *Amaya*. It, like defendant's argument here, ignores the distinction between a sentencing decision that the trial court had the discretion to make, although flawed in some way, and one for which it had no legal authority. This failure to appreciate the

15

distinction is illustrated by the *Amaya* court's discussion of *In re Alexander A.* (2011) 192 Cal.App.4th 847 (*Alexander A.*), which the *Amaya* court states "is closely analogous" to the case before it. (*Amaya, supra*, 239 Cal.App.4th at p. 385.)

The *Amaya* court explained that in *Alexander A.*, the parties stipulated to a certain amount as an appropriate restitution fine, and based on that stipulation, the court imposed that amount. The People later argued that the appropriate amount of restitution was higher, and that imposition of the lower amount resulted in an unauthorized sentence. (*Amaya, supra*, 239 Cal.App.4th at p. 386.) The *Amaya* court observed that the appellate court in *Alexander A.* held that the sentence was not unauthorized because "the trial court was required to determine the amount of the victim's economic losses by some rational method, and it had done so by accepting the parties' stipulations." (*Amaya, supra*, 239 Cal.App.4th at p. 386.) The *Amaya* court found "almost identical[]" circumstances were present in the case before it: the trial court made its determination that the defendant was eligible for resentencing based upon the defendant's petition, which indicated that he was eligible, and the prosecutor's stipulation that he was eligible. (*Ibid.*) Therefore, the court held that "[u]nder these circumstances, the . . . resentencing did not result in an unauthorized sentence." (*Ibid.*)

What the *Amaya* court overlooked is that while a trial court has the discretion to determine the appropriate amount of a restitution fine based upon the facts before it, a trial court does not have any discretion

16

to resentence a defendant under Proposition 36 or Proposition 47 unless the defendant, in fact, qualifies for resentencing. Although the court acknowledged, in finding that the resentencing was void,[2] that prosecutors "cannot, by stipulation, confer jurisdiction on the trial court to resentence a person under [Proposition 36] when the trial court's own records in the case show that the person is indisputably ineligible," it nevertheless found that the fact that the original sentencing minute order showing that the defendant did not qualify for resentencing was not before the trial court at the time of resentencing, combined with the prosecutor's stipulation that no disqualifying finding had been made, was relevant to whether the resentencing was unauthorized. (*Amaya, supra*, 239 Cal.App.4th at p. 387.) We disagree. Regardless whether the facts showing the defendant's disqualification were before the trial court, the existence of those facts, even if the court was unaware of

---

[2] We note that this finding alone established that the resentencing was unauthorized. A void sentence -- which cannot lawfully be imposed under any circumstance -- is by definition an unauthorized sentence. The difference between the two is that a sentence is void on its face only if "its invalidity is apparent from an inspection of the judgment roll." (*People v. Davis* (1904) 143 Cal. 673, 675.) An unauthorized sentence is not so limited. A court may go beyond the judgment roll to determine whether a sentence is unauthorized, such as when determining whether a sentence is unauthorized because it violates section 654 by imposing multiple punishments for violations arising out of a single act or omission. (See, e.g., *Neal v. State of California* (1960) 55 Cal.2d 11, 17 [court reviewed evidence presented in the case to determine whether the defendant entertained multiple criminal objectives that were not incidental to each other]; *People v. Perez* (1979) 23 Cal.3d 545, 551-552 [same].) Therefore, although a sentence may be unauthorized even if does not meet the narrow definition of a judgment void on its face, a sentence pronounced in a void judgment will *always* be an unauthorized sentence.

17

them at the time, rendered the trial court without any power to resentence him.  Therefore, the sentence was unauthorized because "it could not lawfully be imposed under any circumstance in the particular case."  (*Scott, supra,* 9 Cal.4th at p. 354.)

That is exactly the case here.  The trial court could not lawfully impose a misdemeanor sentence for defendant's offense unless that offense qualified as shoplifting under section 459.5.  Despite the prosecutor's assurances at the time of resentencing, it did not.  The record shows that defendant was charged with entering a storage locker with intent to commit larceny.  He pleaded no contest, and his counsel stipulated to a factual basis for the plea based in part on the preliminary hearing transcript.  That transcript shows, without question, that the storage locker at issue was leased by an individual and kept locked; it was not open to the public as a commercial business.  Therefore, defendant's entry into the locker to commit larceny did not constitute shoplifting, and he did not qualify for resentencing under Proposition 47.  (See *People v. Stylz* (2016) 2 Cal.App.5th 530 (*Stylz*) [a privately leased storage locker in a storage facility is not a commercial establishment under the shoplifting statute].)

In his appellant's reply brief, defendant argues that at the time the trial court imposed the misdemeanor sentence, it was not unauthorized because there were no published decisions at that time that held that entry into a privately leased storage locker at a storage facility did not qualify as entry into a commercial establishment.  It is true that our decision in *Stylz, supra,* 2 Cal.App.5th 530, in which we affirmed the trial court's ruling that the defendant's conviction for

burglary from a storage locker did not qualify for sentence reduction under Proposition 47, was not published until after the trial court in this case imposed the misdemeanor sentence and then vacated that sentence and reinstated the felony sentence. But we did not announce a new rule of law in our decision. We merely applied the existing statutory language, as the trial court in that case had done, and concluded that the burglary of a storage locker clearly did not come within the language of the shoplifting statute. The fact that the trial court in this case did not have the guidance of our published decision before it reduced defendant's sentence to a misdemeanor and later reinstated the felony sentence did not make the misdemeanor sentence any less unauthorized under Proposition 47.

In short, we hold that the recall of defendant's felony sentence and imposition of a misdemeanor sentence was unauthorized. Accordingly, the trial court acted within its authority by vacating the misdemeanor sentence and reimposing the felony sentence.

B.    *Appeal From Order Finding Probation Violation*

As noted, in defendant's appeal from the trial court's order finding a probation violation, defendant's appointed counsel filed a brief asking this court to independently review the record in accordance with the holding of *People v. Wende*, *supra*, 25 Cal.3d 436. On June 7, 2017, we advised defendant that he had 30 days in which to submit by letter or brief any grounds of appeal contentions or argument he wished this court to consider. We have received no response to date.

19

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

## DISPOSITION

The January 21, 2016 and April 5, 2016 orders are affirmed.

**CERTIFIED FOR PUBLICATION**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

20