Filed 12/4/20  P. v. Perez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073399 |
| v. | (Super.Ct.No. SWF1707851) |
| CHRISTOPHER DANIEL PEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge.

Affirmed with directions.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael P. Pulos and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.  INTRODUCTION

Defendant and appellant, Christopher Daniel Perez, was convicted by a jury of three counts of willful infliction of corporal injury upon someone with whom he had a dating relationship (Pen. Code,[1] § 273.5, counts 1, 5, & 8); one count of rape (§ 261, subd. (a), count 2); one count of dissuading a witness (§ 136.1, subd. (b)(1), count 3); one count of false imprisonment (§ 236, count 4); one count of kidnapping (§ 207, subd. (a), count 6); and one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 7).  In a bifurcated proceeding, the trial court found true special allegations that defendant had sustained four prior prison sentences qualifying for sentence enhancements (former § 667.5, subd. (b); Stats. 2018, ch. 423, § 65); a prior conviction qualifying as a serious prior felony (§ 667, subd. (a)); and a prior conviction qualifying as a strike offense (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).  Defendant was sentenced to a total of 41 years eight months in state prison, which included one-year enhancements for each of his four prior prison terms pursuant to former section 667.5, subdivision (b).

On appeal, the only contested issue is defendant's claim that his convictions must be reversed and the matter remanded for a new trial because the trial court erred in

---

[1] Undesignated statutory references are to the Penal Code.

2

denying his motion for self-representation.[2]  We find no error on this issue and affirm

defendant's convictions, but we remand the matter for the trial court to address

resentencing issues raised on appeal.

## II.  FACTS AND PROCEDURAL HISTORY

A. *Facts and Charges*

Defendant and H.Q. began a dating relationship in August 2017.

On November 17, 2017, defendant struck H.Q. multiple times in the head while

they were arguing inside a vehicle.  When H.Q. tried to get out of the vehicle, defendant

punched her in the face, forced her back in, and drove her around for hours.  Defendant

was charged with one count of willful infliction of corporal injury upon someone with

whom he had a dating relationship (§ 273.5, count 5) and one count of kidnapping (§ 207,

subd. (a), count 6) arising out of this incident.

On December 15, 2017, following an argument, defendant placed H.Q. into a

chokehold.  As a result, H.Q. lost consciousness.  When H.Q. regained consciousness,

she was lying on the floor, and defendant was yelling at her.  H.Q. attempted to scream,

but defendant began to choke her again and threatened to continue choking her until she

stopped screaming.  Defendant was charged with one count of willful infliction of

corporal injury upon someone with whom he had a dating relationship (§ 273.5, count 8)

---

[2]  Defendant also contends his sentence enhancements for prior prison terms pursuant to former section 667.5, subdivision (b), should be stricken in light of recent amendments to that statute, and the trial court exceeded its authority in "ordering" defendant to participate in substance abuse counseling and education while serving his term of imprisonment.  However, the People do not contest these issues on appeal.

3

and one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 7) arising out of this incident.

On December 19, 2017, H.Q. ended her relationship with defendant and asked him to leave her home. The two began to argue, and defendant took H.Q.'s phone from her. While they were arguing, H.Q.'s pastor arrived at her front door and began knocking loudly. H.Q. had texted her pastor earlier and had asked him to come check on her in 30 minutes if he did not hear from her. Defendant would not let H.Q. leave her bedroom to answer the door. H.Q. tried to scream to get her pastor's attention, but defendant began strangling her to make her stop screaming. When H.Q. did not answer the door, her pastor called 911.

Defendant shut the bedroom door, moved a dresser in front of the door, turned off the lights, and told H.Q. he was going to stay there and watch her all night. After some time, police officers arrived, announced their presence, and shouted for them to come out of the apartment. While the officers were outside, defendant pulled down H.Q.'s pants and underwear and began to have sex with her. H.Q. did not resist because she was afraid.

Police officers eventually entered the apartment after obtaining a key from H.Q.'s apartment manager. They discovered H.Q., shaking and crying, with bruises on both sides of her neck, and red marks on her carotid arteries. Defendant was escorted out of the apartment and taken into custody. He was charged with one count of willful infliction of corporal injury upon someone with whom he had a dating relationship (§ 273.5, subd.(f)(1), counts 1), one count of rape (§ 261, subd. (a)(2), count 2), one count of

4

dissuading a witness (§ 136.1, subd. (b)(1), count 3), and one count of false imprisonment (§ 236, count 4), arising out of this incident.

B. *Relevant Procedural History*

During defendant's preliminary hearing in this matter, he submitted a petition to proceed in properia persona, which was granted. After repeated attempts to seek guidance from the court regarding relevant procedures, the court strongly advised defendant to request appointment of counsel at the time of the arraignment.

On the date defendant's trial was originally scheduled to commence, defendant requested a continuance on the ground he needed more time to prepare. As a result, his trial was continued more than two months to September 17, 2018. On September 6, 2018, defendant requested counsel be appointed for him, and the trial court granted the request. Thereafter, the trial was continued multiple times to allow newly appointed counsel to prepare.

In February 2019, defendant's appointed counsel declared a conflict, and new defense counsel was appointed, causing defendant's trial to be continued yet again to May 17, 2019.

On May 21, 2019, during pretrial motions, defendant again requested to represent himself, purportedly over a disagreement with his counsel regarding whether to call H.Q.'s minor children as witnesses. Following an in camera hearing, the trial court allowed defense counsel to add H.Q.'s two minor children to the defense witness list, and defendant withdrew his request to represent himself.

5

On May 22, 2019, jury voir dire commenced. During a break in the proceedings, defendant again requested to represent himself. Defense counsel objected, noting that the reason for defendant's request was again a disagreement over trial strategy. The trial court proceeded to question defendant on the record to ensure that his request was knowing, intelligent, and voluntary.[3] During this exchange, the trial court admonished defendant that he would have to abide by many technical rules of evidence and criminal procedure during trial, and defendant admitted that he previously had problems attempting to do so while trying to represent himself during his preliminary hearing.

After questioning defendant, the trial court requested the prosecutor state her position with respect to defendant's motion to represent himself. The prosecutor objected on the ground that the request was untimely, appeared motivated by an attempt to improperly influence witnesses by allowing defendant to question them directly, and would be disruptive at this stage in the proceedings. The prosecutor also requested that, should the trial court grant defendant's request to represent himself, advisory counsel be appointed given defendant's past proclivity to switch from self-representation and appointed counsel. In response, defendant stated he was not trying to delay the trial, and he would be willing to proceed immediately without a continuance.

Following argument, the trial court denied defendant's request, stating: "This trial—so this trial has numerous witnesses. The charges are serious. In my opinion, the case is complex. It involves a substantial amount of 1101(b), 1108, and

---

[3] *Faretta v. California* (1975) 422 U.S. 806, 835 (*Faretta*).

6

1109 evidence. It's also not the best case for somebody to represent themselves who is not a qualified lawyer . . . . [¶] I'm going to find that the motion is untimely. The jury—the venire has been sworn in. We're ready to pick a jury. We have done the motions with this counsel. The case is complex, as I mentioned. [Defendant] has already sought to represent himself and then afterwards got counsel again, and I'm not going to go through this back and forth thing. And I believe this will be disruptive to the trial. It's already—we're already burning into time set aside to select jurors, which means there are real people out there who are being pulled out of their lives and the important things they do, and they're waiting on us. [¶] Again, I was ready to address this yesterday . . . and now we're back to it again. So I believe this is untimely because of the place we're in at trial and because of the potential disruption, and because of the complexity of the case. So I'm going to deny the motion."

C. *Conviction and Sentencing*

The jury convicted defendant on three counts of willful infliction of corporal injury upon someone with whom he had a dating relationship (§ 273.5, counts 1, 5, & 8); one count of rape (§ 261, subd. (a), count 2); one count of dissuading a witness (§ 136.1, subd. (b)(1), count 3); one count of false imprisonment (§ 236, count 4); one count of kidnapping (§ 207, subd. (a), count 6); and one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 7).

In a bifurcated proceeding, the trial court found true allegations that defendant had sustained four prior prison sentences qualifying for a sentence enhancement (former § 667.5, subd. (b)); a prior conviction qualifying as a serious prior felony (§ 667,

7

subd. (a)); and a prior conviction qualifying as a strike offense (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

Defendant was sentenced to a total of 41 years eight months in state prison, which included one-year enhancements for each of defendant's four prior prison terms pursuant to former section 667.5, subdivision (b).

## III.  DISCUSSION

A. *The Trial Court Did Not Abuse Its Discretion in Denying Defendant's Request for Self-Representation*

The only contested issue raised on appeal is defendant's claim that the trial court erred in denying his motion for self-representation.  Defendant argues that (1) his motion was timely, and therefore the trial court's denial was per se erroneous, and (2) even if discretionary, the trial court abused its discretion.  We do not believe the record supports either of these contentions.

1. The Trial Court Did Not Err in Concluding Defendant's Motion Was Untimely

" ' "A criminal defendant has a right to represent himself at trial under the Sixth Amendment to the United States Constitution." ' " (*People v. Jackson* (2009) 45 Cal.4th 662, 689 (*Jackson*).)  However, "[i]n order to invoke an unconditional right of self-representation, a defendant must unequivocally assert the right within a reasonable time prior to commencement of trial." (*People v. Scott* (2001) 91 Cal.App.4th 1197, 1203 (*Scott*).)  " '[T]imely' means 'within a reasonable time prior to commencement of trial.' " (*People v. Rivers* (1993) 20 Cal.App.4th 1040, 1048 (*Rivers*).)

Here, defendant's request to represent himself was made after both sides had represented that they were ready for trial; pretrial motions had been heard and resolved; and the process of jury voir dire was underway. The California Supreme Court has "held on numerous occasions that *Faretta* motions made on the eve of trial are untimely." (*People v. Johnson* (2019) 8 Cal.5th 475, 499 (*Johnson*).) It has also held that requests made in the midst of trial are clearly not timely for purposes of invoking an absolute right to self-representation. (*Jackson*, *supra*, 45 Cal.4th at p. 690 [request made in the middle of jury voir dire untimely]; *People v. Barnett* (1998) 17 Cal.4th 1044, 1105 (*Barnett*) [request made during trial untimely].) Based upon these authorities,[4] the trial court did not err in finding defendant's request to be untimely and denial of that request is not reversible per se.

2. The Trial Court Did Not Abuse Its Discretion in Denying Defendant's Untimely Motion For Self-Representation

" ' "When a motion for self-representation is not made in a timely fashion prior to trial, self-representation no longer is a matter of right but is subject to the trial court's discretion." ' " (*People v. Valdez* (2004) 32 Cal.4th 73, 103 (*Valdez*).) "In exercising that discretion, a trial court is required to consider (1) the quality of counsel's representation, (2) the defendant's prior proclivity to substitute counsel, (3) the reasons

---

**4** The California Supreme Court has not articulated what standard of review applies in determining whether a defendant's request for self-representation is timely and has recently declined to resolve that issue. (*Johnson*, *supra*, 8 Cal.5th at p. 501.) However, we need not resolve the issue here in light of the fact that our Supreme Court has already held that motions made on the eve of trial or during jury voir dire are untimely. (*Ibid.*; *Jackson*, *supra*, 45 Cal.4th at p. 690.)

9

for the request, (4) the length and stage of the proceedings, and (5) the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*Scott*, *supra*, 91 Cal.App.4th at pp. 1203-1204; see *Valdez,* at p. 103.)

Here, in arguing the trial court abused its discretion, defendant places great weight on the alleged low quality of defense counsel's representation. We need not discuss this point in detail. Even assuming defense counsel's representation did not meet the quality of representation desired by defendant,[5] this is not sufficient to show an abuse of discretion where the record shows the trial court could reasonably conclude the remaining four factors all weighed against granting defendant's untimely request to represent himself.

First, the trial court could reasonably conclude defendant had some proclivity to vacillate with respect to representation by counsel. Defendant had already discharged his original counsel and opted to represent himself at the time of his preliminary hearing, only to change his mind shortly before his originally scheduled trial date. Further, defendant requested to represent himself during pretrial motions, only to withdraw the request shortly thereafter. Thus, the trial court could reasonably conclude this factor weighed against granting defendant's request. (*People v. Jenkins* (2000) 22 Cal.4th 900, 962 [The trial court "could reasonably conclude that defendant . . . had some proclivity to

---

[5] We note that on appeal, defendant does not contend his counsel's performance was deficient to the point that it amounted to ineffective assistance. We also note that the alleged deficient performance dealt with not subpoenaing H.Q.'s two daughters. The record amply demonstrates that the daughters were not material witnesses to the alleged criminal activity. See footnote eight, *post*.

vacillate with respect to representation by counsel" based solely on one prior request and withdrawal.].)

Second, the trial court could reasonably conclude that defendant's reason for requesting self-representation was not sufficiently compelling. Defense counsel represented that the reason for defendant's request was a disagreement over trial tactics and strategy. On appeal, defendant confirms the reason for his request was a disagreement over whether to call H.Q.'s minor children to testify as witnesses. Whether to call certain witnesses is generally a matter of trial tactics (*People v. Williams* (1970) 2 Cal.3d 894, 905 ["Whether to call certain witnesses is generally a matter of trial tactics."]; *People v. Mitcham* (1992) 1 Cal.4th 1027, 1059 [same]) and "disagreement over trial tactics . . . is 'an insufficient reason to grant an untimely *Faretta* request' " (*Scott*, *supra*, 91 Cal.App.4th at p. 1206). The record does not disclose defendant offered any other reason for his untimely request. As such, the trial court could reasonably conclude that this factor weighed against granting defendant's untimely request for self-representation.

Third, the trial court could reasonably conclude that the length and stage of the proceedings weighed against granting defendant's request. Defendant's trial had already been continued on multiple occasions due to his prior request to represent himself and subsequent request that counsel be reappointed for him. Additionally, defendant waited until after counsel and the trial court had already extensively discussed and resolved numerous evidentiary issues before even suggesting a renewed desire to represent

11

himself. Thus, the trial court could reasonably conclude that this factor weighed against granting defendant's untimely request.

Finally, the trial court could reasonably conclude that granting defendant's request would represent a substantial disruption in the proceedings, notwithstanding defendant's representation that a continuance was not necessary.[6] Defendant's motion was made at a time when the venire of prospective jurors had already been sworn, jury voir dire was already in process, and the parties had already stipulated to dismissal of 12 prospective jurors based upon the voir dire conducted thus far. Prior to that time, counsel for both sides, and the trial court, had reached an agreement regarding the trial length; and the trial court had already time-qualified the prospective pool of jurors based upon this understanding. In light of defendant's acknowledgment that he had previously struggled with the rules of evidence and criminal procedure when attempting to represent himself, the trial court could reasonably conclude that granting of defendant's request for self-

---

[6] The fact that defendant did not request a continuance does not render the trial court's determination unreasonable, if other facts in the record support a finding that granting a request for self-representation would still be disruptive. (*Barnett*, *supra*, 17 Cal.4th at p. 1106 ["That defendant did not seek a continuance is not determinative."].)

representation would create unwarranted disruption and delay in the proceeding.**7**

The record discloses a reasonable basis for the trial court to conclude a majority of the relevant factors weighed against granting defendant's untimely motion for self-representation. As such, we cannot conclude on this record that the trial court abused its discretion in denying defendant's motion, and we decline to reverse his convictions on this ground.

### 3. Defendant Has Not Established Prejudice Warranting Reversal

Additionally, even if we had found error, we do not believe defendant has established prejudice warranting reversal. "Once trial has commenced, the right to self-representation is no longer based on the Constitution." (*Rivers*, *supra*, 20 Cal.App.4th at p. 1050.) Because the grant or denial of an untimely request is a matter of the trial court's discretion, "error is not automatically reversible, but is reviewed under the 'harmless error' test of [*People v. Watson* (1956) 46 Cal.2d 818] . . . [defining] the standard as whether in the absence of the error, it is 'reasonably probable' that a result more favorable to the appellant would have been reached." (*Ibid.*)

---

**7** Defendant's argument on appeal that his lack of technical knowledge is not relevant is misplaced. A defendant's lack of technical knowledge or skill is not a basis for denying the timely assertion of his constitutional right to represent himself. (*Faretta*, *supra*, 422 U.S. at pp. 834-835.) However, an untimely request for self-representation is no longer a matter of right, and the trial court is entitled to consider the potential disruption to proceedings that may be caused by a defendant's lack of skill or ability. (See *People v. Bradford* (2010) 187 Cal.App.4th 1345, 1354 ["[T]he court could reasonably determine that notwithstanding appellant's ability to speak cogently, he was likely to get sidetracked on tangential issues . . . [or] 'might not comply with procedural rules during self-representation' " in denying untimely motion for self-representation.].)

Here, defendant sought to represent himself because he disagreed with defense counsel's decision to refrain from calling H.Q.'s minor children as witnesses. However, during his own testimony on the stand, defendant admitted one of the children was never present and never witnessed any of the incidents. Defendant further testified that the other child witnessed only a brief part of the December 15, 2018 incident, and even then, the child did not witness anything that would have allowed her to directly contradict or corroborate H.Q. or defendant's differing versions of what transpired.[8] Other than calling these two witnesses, defendant has not identified anything else that he would have done differently, if given the opportunity to represent himself.

It was defendant's burden to show a reasonable probability that the results would have been different had he been given the opportunity to represent himself. Where the only act complained of is the failure to call witnesses who, by defendant's own admission, had no personal knowledge of the actual matters in dispute before the jury, defendant has not met his burden. Thus, even if defendant had shown an abuse of discretion in the trial court's denial of his request for self-representation, defendant would not be entitled to reversal on this record.

---

[8] H.Q. testified that on December 15, 2017, defendant placed her into a chokehold; she lost consciousness; and she was lying on the bathroom floor when she regained consciousness. Defendant testified that he discovered H.Q. on the bathroom floor, "out of it," and called H.Q.'s daughter to the bathroom; but H.Q.'s daughter left after H.Q. told her to "run." According to defendant, H.Q.'s daughter dismissed H.Q.'s warning and went back to her room or prior activity. Thus, according to defendant's own testimony, H.Q.'s daughter did not witness the events that caused H.Q. to end up on the bathroom floor or the events that transpired after. Instead, H.Q.'s daughter only briefly witnessed H.Q. lying on the bathroom floor—a fact that was not in dispute between H.Q. and defendant's differing version of events.

B. *The Matter Should Be Remanded To Address Resentencing Issues*

    1.  <u>Defendant's Prison Prior Enhancements Should Be Stricken</u>

Defendant argues that his four, one-year sentence enhancements imposed as the result of a prior felony convictions involving terms in state prison should be stricken in light of recent amendments to section 667.5, subdivision (b) (Stats. 2019, ch. 590, § 1) embodied in Senate Bill No. 136 (2019-2020 Reg. Sess.).  The amendment became effective January 1, 2020, and precludes the imposition of one-year sentence enhancements for a prior prison term, unless the prior offense was sexually violent in nature.  (§ 667.5, subd.(b).)  The People concede that the prior convictions underlying defendant's sentence enhancements here would not qualify for enhancements under the amended statute.  Because the amendment is ameliorative in nature and defendant's conviction was not yet final at the time the amendment took effect, we agree that defendant's one-year sentence enhancements pursuant to section 667.5, subdivision (b), should be stricken.

    2.  <u>Unauthorized Sentence on Count 3</u>

Defendant was sentenced to a consecutive term of one-third the middle term on count 3 for dissuading a witness in violation of section 136.1, subdivision (b).  The People and defendant note that the trial court incorrectly used three years as the middle term when calculating this portion of defendant's sentence.  According to the People and defendant, this resulted in an unauthorized sentence because the statutory middle term is actually two years and "the most the trial court could have imposed for count 3 was one-

15

third the middle term of two years (eight months)." We agree defendant's sentence on this count is unauthorized, but not for the reasons advanced by the People and defendant.

It is true that the middle term for a violation of section 136.1, subdivision (b), is two years. (§ 136.1, subd. (b); § 1170, subds. (a)(3), (h).) However, defendant's conviction on count 3 was for dissuading H.Q. from reporting felonies for which defendant was also convicted. "When the sentence on a violation of section 136.1 is ordered to run consecutively to the sentence for the felony to which the dissuading pertained, section 1170.15 authorizes the imposition of a full strength middle term, notwithstanding the one-third of the middle term limitation on subordinate counts under section 1170.1, subdivision (a)." (*People v. Fernandez* (2003) 106 Cal.App.4th 943, 946 fn. 2; see § 1170.15) Where the trial court exercises its discretion to impose a consecutive term for violation of section 136.1 under such circumstances, the imposition of a full middle term pursuant to section 1170.15 is mandatory. (*People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1479 ["[I]f the trial court chooses consecutive sentencing it must impose a full-term sentence for the witness dissuasion count."].)

Thus, once the trial court chose to impose a consecutive sentence on count 3, it was required by statute to impose the full middle term under section 1170.15. Contrary to the position taken by the People and defendant on appeal, the trial court's sentence on count 3 was unauthorized because it failed to impose the mandatory term required by statute in light of its discretionary sentencing decision to run the sentence consecutively—not because it imposed a term in excess of its authority.

16

Generally, "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Thus, we believe it appropriate to remand the matter for a full resentencing in this case.

If upon remand, the trial court again exercises its discretion to impose a consecutive term on count 3, it is required to impose the full middle term on that count, pursuant to section 1170.15. We acknowledge that this may result in a sentence greater than that originally imposed on count 3 without running afoul of constitutional principles. While "the California Supreme Court has held that 'a valid sentence may not be increased after formal entry in the minutes,' because doing so would implicate double jeopardy concerns . . . the Supreme Court has also held that an *unauthorized* sentence, such as when the court is required to impose a certain minimum term but imposes a lesser term instead, 'is considered invalid or "unlawful" and may be increased even after execution of the sentence has begun.' " (*People v. Roth* (2017) 17 Cal.App.5th 694, 702; see *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 438 [Where unauthorized sentence was the result of failure to impose statutorily mandated provisions, defendant can be resentenced to a greater term upon remand.].)

Because the error here involves the trial court's failure to impose a mandatory statutory term given its decision to impose a consecutive sentence for violation of section 136.1, upon remand, the trial court is not prohibited from imposing the actual

term required by statute on count 3, even if doing so results in a greater sentence.[9] The trial court is, of course, also free to exercise its discretion to impose a concurrent term upon remand, if it deems the mandatory term required under section 1170.15 too harsh. We express no opinion as to how the trial court should exercise its discretion in this regard.

   3.  Correction of The Abstract of Judgment

Finally, both defendant and the People draw our attention to inconsistencies in the abstract of judgment.  Since the matter is being remanded for resentencing, we will direct the trial court to address the following issues upon remand:

(1) The trial court purportedly ordered defendant to participate in counseling and substance abuse education as part of his sentence.  Appellant contends, and the People agree, that the trial court did not have authority to do so.  We agree that the trial court has authority only to recommend such counseling and education and may not order it as part of defendant's sentence.  (§ 1203.096)  The trial court will have the opportunity to clarify any of its recommendations with respect to substance abuse counseling and education upon remand.

(2) The People note that the abstract of judgment incorrectly reflects that defendant was convicted on count 3 for a violation of section 136.1, subdivision (c)(1), despite the fact that the jury instructions on this charge pertained to section 136.1,

---

[9] Although, as a practical matter, since defendant's four one-year prison prior enhancements under section 667.5, subdivision (b), will be stricken, the aggregate term on defendant's sentence on remand would not exceed the aggregate term of his original sentence, regardless of the trial court's sentencing choices as to count 3.

18

subdivision (b)(1). Upon remand, the trial court will have an opportunity to ensure that any new abstract of judgment correctly reflects the offense for which defendant was convicted.

(3) Finally, the People note that the trial court stated defendant's total term of imprisonment was to be 40 years eight months during oral pronouncement, while the abstract of judgment reflects a total term of 41 years eight months. Normally, "[w]here there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls." (*People v. Whalum* (2020) 50 Cal.App.5th 1, 15.) However, the People note that it is the trial court's oral pronouncement that appears to be a mathematical error. Since defendant's matter is being remanded for a full resentencing that will presumably result in a different aggregate term than originally imposed, the issue is moot. We are confident the trial court's new pronouncement of judgment and new abstract of judgment will take care to avoid any such discrepancies upon resentencing.

## IV.  DISPOSITION

Defendant's sentence is vacated, and the matter is remanded to allow the trial court to exercise its discretion in resentencing defendant on all counts.  Upon resentencing, the trial court is directed to strike defendant's four, one-year sentence enhancements pursuant to section 667.5, subdivision (b).  If the trial court exercises its discretion to impose a consecutive sentence for defendant's conviction on count 3 for violation of section 136.1, the trial court is further directed to impose the full, middle term on that count as required by section 1170.15.  The court is further directed to amend the abstract of judgment to show that defendant was convicted in count 3 of a violation of section 136.1, subdivision (b)(1), not section 136.1, subdivision (c)(1).  Finally, the trial court is directed to clarify in any subsequent sentencing and abstract of judgment that any recommendations with respect to counseling and education are not orders.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

J.

We concur:


CODRINGTON _____

Acting P. J.


SLOUGH _____

J.

20