Filed 3/13/25  P. v. Minassian CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C100361 |
| v. | (Super. Ct. No. CM016041) |
| DENNIS ALLEN MINASSIAN, | |
| Defendant and Appellant. | |

Defendant Dennis Allen Minassian appeals from an order striking his prior prison term enhancements under Penal Code section 1172.75.[1]  Appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal (*People v. Wende* (1979) 25 Cal.3d 436), and advised defendant of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  Although defendant did not independently file a supplemental brief, in reviewing the record, this court identified a possible trial court error that might not inure to defendant's benefit but might have resulted in an unauthorized sentence.  We requested supplemental briefing,

_____

[1] Undesignated statutory references are to the Penal Code.

1

asking the parties whether the trial court erred in striking the prior prison term enhancements, and if so, what the appropriate remedy would be. The parties submitted supplemental briefs.

Having reviewed the record and the supplemental briefs, we have found no arguable error that would result in a disposition more favorable to defendant, but we conclude the trial court erred in striking the prior prison term enhancements, resulting in an unauthorized sentence. We will reverse the order striking those enhancements and direct the trial court to reinstate the original sentence.

BACKGROUND

In 2003, defendant was convicted of continuous sexual abuse of a child under the age of 14 (§ 288.5, subd. (a)), lewd and lascivious conduct with a child aged 14 or 15 (§ 288, subd. (c)(1)), and failure to register as a sex offender (§ 290, subd. (f)(1)). The trial court found true allegations that defendant had two prior strike convictions for lewd and lascivious conduct with a child under the age of 14 (§ 288, subd. (a)) in 1987 and 1992. The trial court also found true allegations that defendant had two prior prison terms for those strike offenses. (Former § 667.5, subd. (b).)

In 2004, the trial court sentenced defendant to an aggregate prison term of 210 years to life. The sentence included one year for each of defendant's prior prison terms under former section 667.5, subdivision (b).

Almost 20 years later, in 2022, the trial court received notice from the Department of Corrections and Rehabilitation (CDCR) that defendant may be eligible for resentencing under section 1172.75. Defendant filed a petition and brief in support of resentencing, arguing he was not disqualified from relief because his prior conviction was not for a sexually violent offense. The People agreed defendant's prior prison term enhancements should be stricken but opposed a full resentencing because the enhancements were imposed but stayed.

2

The trial court concluded defendant was not entitled to a full resentencing because the prior prison term enhancements had been stayed.  But the trial court struck the prior prison term enhancements.

DISCUSSION

"In general, ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' [Citation.]  However, there are . . . exceptions to this general rule.  (See, e.g., §§ 1170.18, 1170.126, 1172.1, 1172.6; [citation].)"  (*People v. Cota* (2023) 97 Cal.App.5th 318, 329.)  "Section 1172.75 is one of those exceptions."  (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 672 (*Mayberry*), review granted Aug. 14, 2024, S285853.)

"Under section 1172.75, subdivision (a), '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' "  (*Mayberry, supra*, 102 Cal.App.5th at p. 672, review granted, italics omitted.)

"Subdivision (b) of section 1172.5 directs the Secretary of [CDCR] and the correctional administrator of each county to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.'  (§ 1172.75, subd. (b).)"  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).)

"After the trial court receives from [] CDCR and county correctional administrator the information included in subdivision (b) of section 1172.5, 'the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a),' and if so, 'recall the sentence and resentence the defendant.'  (§ 1172.75, subd. (c).)"  (*Burgess, supra*, 86 Cal.App.5th at p. 380.)

3

Here, the trial court received the requisite notice from CDCR that defendant may be eligible for resentencing under section 1172.75. The parties agreed defendant was eligible for resentencing under section 1172.75, and the trial court struck the prior prison enhancements accordingly. Defendant, however, was not eligible for resentencing under section 1172.75 because his prior prison term enhancements were imposed for sexually violent offenses. (§ 1172.75, subd. (a).) Accordingly, the trial court erred in striking those enhancements, and the error resulted in an unauthorized sentence. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [an unauthorized sentence is one that could not be lawfully imposed under any circumstance in a particular case]; *People v. Roth* (2017) 17 Cal.App.5th 694, 705-706 [a sentence is unauthorized if a trial court resentences defendant pursuant to a new statute under which defendant does not actually qualify for resentencing].) Because the sentence is unauthorized it can be corrected on appeal even though the error was not raised or preserved in the trial court. (*Scott*, at p. 354.)

Defendant now acknowledges he was ineligible for resentencing under section 1172.75. Nevertheless, he contends the trial court also had jurisdiction to resentence him under section 1172.1, subdivision (a)(1), as amended by Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill 600). We disagree.

Amended section 1172.1, subdivision (a)(1) gives a trial court discretion to recall a sentence and to resentence a defendant on the trial court's own motion when "the applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) Assembly Bill 600's amendments, however, did not take effect until January 1, 2024, approximately one month after the hearing on defendant's section 1172.75 petition. (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 992 [identifying the effective date of Assembly Bill 600].) As a result, at the time of the hearing on defendant's petition, the trial court did not have jurisdiction to resentence defendant under section 1172.1.

4

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. But we will reverse the trial court's order striking the prior prison term enhancements.

DISPOSITION

The order granting the petition for recall of sentence, recalling the previously imposed sentence pursuant to section 1172.75, and resentencing defendant is reversed. The matter is remanded to the trial court with directions to find defendant ineligible for resentencing under section 1172.75, to deny the petition, and to reinstate defendant's original sentence. The trial court is further directed to prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.


_____/S/_____
MAURO, J.


We concur:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.