Filed 9/23/20  P. v. Butler CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072955 |
| v. | (Super.Ct.No. INF1801578) |
| DUPREE LAVAN BUTLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Randall Donald White, Judge.  (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part, reversed and remanded with directions in part.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

A jury convicted defendant and appellant Dupree Lavan Butler of attempted voluntary manslaughter (Pen. Code,[1] §§ 664/192, subd. (a)), the lesser included offense of attempted murder (§§ 664/187, subd. (a)) as charged in count 1 of the first amended information; assault with a deadly weapon (§ 245, subd. (a)(1); count 2); domestic violence within seven years of a prior conviction of domestic violence (§ 273.5, subd. (f)(1); count 4); criminal threats (§ 422; count 5); two counts of violating a protective order within seven years of a prior conviction for violation of a protective order (§ 166, subd. (c)(4); counts 6 & 7); obstructing the use of a wireless communication device to summon law enforcement (§ 591.5; count 8); and stalking with a prior conviction of domestic violence (§ 646.9, subd. (c)(1); count 9).[2] The jury also found true that defendant personally inflicted great bodily injury (§ 12022.7, subd. (e)) in the commission of counts 1, 2, and 4. Defendant thereafter admitted that he had suffered three prior prison terms (§ 667.5, subd. (b)).

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The jury found defendant not guilty of carjacking (§ 215, subd. (a)) as charged in count 3 of the first amended information.

2

The trial court sentenced defendant to a total term of 16 years in state prison, which included three years for defendant's three prior prison terms.  The court also ordered defendant to pay a $10,000 restitution fine (Pen. Code, § 1202.4, subd. (b)), a stayed $10,000 parole revocation fine (Pen. Code, § 1202.45), $240 in criminal conviction assessment fees (Gov. Code, § 70373, subd. (a)(1)), and $320 in court operations assessment fees (Pen. Code, § 1465.8, subd. (a)(1)).

On appeal, defendant contends (1) under Senate Bill No. 136, his three one-year prior prison term enhancements should be stricken; (2) remand to the trial court is necessary for it to conduct an ability to pay hearing for the restitution fine and fees imposed in light of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*); and (3) if this court does not remand the matter for an ability-to-pay hearing, the abstract of judgment should be corrected to reflect the trial court's nunc pro tunc order reducing the amount of the court operations assessment fees from $380 to $320.  The People concede that the prior prison term enhancements must be stricken and the abstract of judgment corrected.  We find the prior prison term enhancements must be stricken, the sentence reversed, and the matter remanded to allow the trial court to reconsider defendant's overall sentence.  We also conclude the order imposing the fines and fees must be reversed and the matter remanded to the lower court to conduct a hearing to determine whether defendant has the ability to pay the court ordered fines and fees.  The judgment of conviction is otherwise affirmed.

II

DISCUSSION[3]

A.      *Senate Bill No. 136*

Defendant contends that, under newly enacted Senate Bill No. 136, his three prior prison term enhancements must be stricken.  The People concede the point but claim the matter should be remanded for resentencing because the trial court did not impose the maximum possible sentence.

Senate Bill No. 136 was passed into law in October 2019, and became effective January 1, 2020.  (Sen. Bill No. 136 (Stats. 2019, ch. 590, § 1); Cal. Const., art. IV, § 8, subd. (c)(2).)  Senate Bill No. 136 amended Penal Code section 667.5, subdivision (b), so as to eliminate all prior prison term enhancements, unless the prior prison term was for a sexually violent felony as defined in Welfare and Institutions Code section 6600, subdivision (b).  It is undisputed that none of defendant's prior convictions was for a sexually violent offense.  Accordingly, under Penal Code section 667.5, subdivision (b), as amended, defendant would not qualify for the imposition of the one-year enhancement for any of his prior prison terms.

As an ameliorative statute, Senate Bill No. 136 applies to all defendants whose conviction is not yet final.  (*People v. Cruz* (2020) 46 Cal.App.5th 715, 739; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342 (*Lopez*); see generally *People v. Brown*

---

[3] The details of defendant's criminal conduct are not relevant to the issues he raises in this appeal, and we will not recount them here.  Instead, we will recount only those facts that are pertinent to the issues we must resolve in this appeal.

(2012) 54 Cal.4th 314, 323 [absent contrary evidence, we assume the Legislature intended an ameliorative amendment to apply to judgments not yet final on the amendment's operative date].)  Defendant's conviction was not final as of the effective date of this change.  (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 ["'[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.'"].)  Because defendant's conviction is not yet final, and because the amended statute leads to a reduced sentence, the amendment to section 667.5, subdivision (b), applies retroactively.  (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 972; see also *In re Estrada* (1965) 63 Cal.2d 740, 745.)

"[T]he sentence is 'subject to judicial correction whenever the error [comes] to the attention of the trial court or a reviewing court.'"  (*People v. Roth* (2017) 17 Cal.App.5th 694, 703.)  However, generally, when part of a sentence is stricken, we must remand for a full resentencing on all counts and allegations, unless the court already imposed the maximum allowable term.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893, 896, fn. 15; see *People v. Hill* (1986) 185 Cal.App.3d 831, 834 (*Hill*); *People v. Hubbard* (2018) 27 Cal.App.5th 9, 13 (*Hubbard*).)

Here, under section 1170.1, subdivision (a), the trial court imposed the maximum possible sentence for defendant's felony convictions but chose to impose a concurrent

sentence on his misdemeanor conviction.[4]  On remand for resentencing a trial court is "[n]ot limited to merely striking illegal portions" of a sentence but "may reconsider all sentencing choices," "because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components."  (See *Hill*, *supra*, 185 Cal.App.3d at p. 834; *Hubbard*, *supra*, 27 Cal.App.5th at p. 13.)  This applies to sentences involving mixed custody periods between consecutive felony and misdemeanor sentences.  (See *People v. Brown* (2016) 247 Cal.App.4th 1430, 1433-1434 [trial courts may impose full consecutive terms for misdemeanor convictions, as statute limiting the length of subordinate consecutive terms to one-third the midterm for the relevant conviction only apply to consecutive felony sentences].)  The decision whether to impose a concurrent term or a consecutive term is within the discretion of the trial court.  As defendant acknowledges in his reply brief, the trial court may impose a full consecutive term on his misdemeanor conviction.  Therefore, a remand is necessary to allow the trial court to reconsider defendant's overall sentence.

---

**4**  Defendant was sentenced to a total term of 16 years as follows:  three years (one year each for the three prior prison term enhancements); the upper term of five years on count 4, which was deemed the principal term, plus a consecutive upper term of five years for the great bodily injury enhancement attached to count 4; consecutive terms of one-third the midterm of eight months on counts 5, 6, and 7; and a consecutive term of one-third the midterm of one year on count 9.  On counts 1 and 2, the court imposed the midterm of three years on each count, and stayed the terms under section 654.  On count 8 for misdemeanor damage to a wireless communication device, the court imposed a concurrent term of six months, to be served in any penal institution.

B.      *Imposition of Fine*, *Fees*, *and Assessments Without Ability to Pay Hearing*

Relying on *Dueñas*, *supra*, 30 Cal.App.5th 1157, defendant argues that the trial court erred by imposing fines and fees without determining whether he had the ability to pay them.  In a nutshell, *Dueñas* held a sentencing court violated the due process rights of a defendant, who had committed her acts out of poverty, when it imposed certain mandatory fees and fines, which lacked a statutory exception, without first making a finding the unemployed defendant (who also suffered from cerebral palsy) had the ability to pay while she was on probation.  (*Id*. at pp. 1160, 1164-1172.)

In this case, during the sentencing hearing, defense counsel requested "that the Court consider striking the fines and fees as indicated [in his sentencing brief citing *Dueñas*] because [defendant] does not have the ability to pay."  The court rejected defendant's argument, failed to hold a hearing on defendant's ability to pay, and imposed the fines and fees as recommended in the probation report.

Specifically, the court stated:  "[Defendant] to pay the cost of the presentence probation report in an amount and manner to be determined by the probation department not to exceed $1,095, to pay booking fees of $514.58, to pay a restitution fine in the amount of $10,000.  The Division of Adult Institutions is to collect the obligation.  He's to pay an additional parole revocation restitution fine in the amount of $10,000.  That will be stayed pending satisfactory completion of parole.  [¶]  He's to pay a criminal conviction assessment fee of $240 through the division of Adults [*sic*] Institutions and a court operations assessment of $380, that's $40 per convicted charge, through the

7

Division of Adult Institutions.  And that is to be transferred to the court—the trial court ordered fund."[5]  Defendant was ordered to pay $11,074.58 in total fines and fees, excluding the cost of the presentence probation report.

The People argue *Dueñas* was wrongly decided and urge us to depart from its reasoning and analyze the imposition of restitution fines under the excessive fines clause of the United States Constitution, rather than the due process clause.  This was the approach taken by our colleagues in Division One of this district in *People v. Kopp* (2019) 38 Cal.App.5th 47, 96-97, review granted November. 13, 2019, S257844, as well as the Fifth District in *People v. Aviles* (2019) 39 Cal.App.5th 1055.  We decline to do so here.  This issue is currently pending before our Supreme Court in *People v. Kopp*.  (See *People v. Hicks* (2019) 40 Cal.App.5th 320 [disagreeing with *Dueñas*], review granted Nov. 26, 2019, S258946.)

The People argue that any failure to address defendant's ability to pay the fines and fees is harmless error because the record demonstrates he has the ability to pay the fines and fees from his prison earnings and after he completes his 13-year sentence.  We recognize that this court may consider defendant's prison earnings, in addition to his ability to work after his release from prison.  (*People v. Jones* (2019) 36 Cal.App.5th 1028, 1035 [since an alleged error under *Dueñas* involves a violation of due process, we consider whether the error was harmless beyond a reasonable doubt pursuant to *Chapman*

---

[5] The trial court later struck the court operations assessment of $380 and ordered defendant to pay a court operations assessment of $320 under section 1465.8, subdivision (a)(1).

*v. California* (1967) 386 U.S. 18, 24.]; *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837 [ability to pay includes a defendant's ability to obtain prison wages]; § 2085.5 [outlining how a restitution fine balance may be collected from prison wages].) However, because the issue of ability to pay was not addressed in the trial court, it is not clear from the record whether defendant will be able to pay the fines and fees from his prison earnings and post-release employment.

According to the probation report, at the time of sentencing, defendant was 36 years old. He had previously resided in a mobile home or trailer with the victim and their children. In addition, defendant and the victim apparently co-owned the vehicle involved in this case. Other than that, there is no other information concerning defendant's financial assets or liabilities or his physical or mental condition.

We conclude the record does not sufficiently demonstrate that defendant will be able to pay the $11,074.58 in court-ordered fines and fees from prison wages or after his release. (See *People v. Taylor* (2019) 43 Cal.App.5th 390, 402 (*Taylor*) [we reversed an order imposing $840 in fees because we could not find that the *Dueñas* order was harmless in that case].) Therefore, under *Dueñas*, defendant is entitled to an ability to pay hearing. Thus, remand is necessary.[6]

---

**6** Because we find a remand is necessary and an amended abstract of judgment must be issued, we will not address defendant's claim concerning the correction of the abstract of judgment.

9

III

DISPOSITION

We strike the three one-year prior prison term enhancements imposed under section 667.5, subdivision (b), and remand for resentencing.

In addition, we reverse the trial court's order imposing the following fines and fees: $10,000 restitution fine (Pen. Code, § 1202.4, subd. (b)), a stayed $10,000 parole revocation fine (Pen. Code, § 1202.45), $240 in criminal conviction assessment fees (Gov. Code, § 70373, subd. (a)(1)), and $320 in court operations assessment fees (Pen. Code, § 1465.8, subd. (a)(1)). On remand, the court shall hold a hearing on defendant's ability to pay the fines and fees "with directions to stay the execution of the Penal Code section 1202.4 restitution fine [and its attendant Penal Code section 1202.45 parole revocation fine] unless and until the People prove" that defendant "has the present ability to pay it." (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1172-1173.) In regard to the fees, if defendant demonstrates an inability to pay them, the court shall not impose the fees. If he fails to demonstrate his inability to pay the fees, the court may impose them. (*Taylor*, *supra*, 43 Cal.App.5th at p. 403, citing *People v. Castellano* (2019) 33 Cal.App.5th 485, 490-491.)

The superior court clerk is directed to prepare an amended abstract of judgment and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  (§§ 1213, 1216.)  The judgment of conviction is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____

Acting P. J.

We concur:

RAPHAEL_____

J.

MENETREZ_____

J.