Filed 3/18/25  P. v. Aguilar CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PEDRO ANTONIO AGUILAR,<br><br>    Defendant and Appellant. | 2d Crim. No. B334633<br>(Super. Ct. No. BA504297)<br>(Los Angeles County) |

Pedro Antonio Aguilar appeals from the judgment entered after a jury convicted him of two counts of assault with a semiautomatic firearm (counts 3 and 4, Pen. Code, § 245, subd. (b)),[1] two counts of possession of a firearm by a felon (counts 5 and 6, § 29800, subd. (a)(1)), and one count of possession of ammunition by a felon (count 7, § 30305, subd. (a)(1)).  As to each of the two assault counts, the jury found true an allegation that appellant had personally used a firearm.  (§ 12022.5, subd. (a).)

_____

[1] Unless otherwise stated, all statutory references are to the Penal Code.

The trial court found true an allegation that appellant had previously been convicted of three serious or violent felonies within the meaning of California's "Three Strikes" law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

Appellant's aggregate sentence was 33 years to life, calculated as follows: counts 6 and 7 – concurrent terms of six years; counts 3 and 4 – concurrent terms of 27 years to life (the high term of nine years, tripled because of the three strikes), to be served consecutively to the concurrent terms of six years imposed on counts 6 and 7; count 5 – six years, to be served concurrently with the 27-year-to-life concurrent sentences imposed on counts 3 and 4. The court "stay[ed] the punishment" on the two firearm enhancements.

Appellant contends: (1) we must reverse one of his two convictions for being a felon in possession of a firearm because both convictions were based on his continuous possession of the same firearm; (2) the execution of the sentence on count 7 (felon in possession of ammunition) must be stayed pursuant to section 654; and (3) instead of staying the punishment for the two firearm enhancements, the trial court should have dismissed the enhancements.

The first and second contentions lack merit. As to the third contention, the trial court's stay of the punishment for the firearm enhancements was an unauthorized sentence. The trial court was required to either impose the enhancements without staying the execution of punishment or strike or dismiss them "in the interest of justice pursuant to section 1385." (§ 12022.5, subdivision (c).)

Appellant requests that we review a sealed transcript of an in camera hearing pertaining to his *Pitchess* discovery motion.

(*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).) We conclude the trial court abused its discretion in declining to disclose records of an unsustained complaint alleging dishonest conduct by a police officer who testified at the trial.

We conditionally reverse the judgment and remand the matter for further proceedings as explained in this opinion. If the judgment is reinstated, we order the trial court to vacate its order staying punishment for the firearm enhancements. In all other respects, we affirm.

*Facts*

It is unnecessary to include a detailed statement of the facts underlying appellant's convictions. On February 21, 2022, appellant used a semiautomatic handgun to fire several shots at two persons inside a vehicle. One round "came through the rear window and collided with the front windshield." The rear window was "shattered." The persons inside the vehicle were not injured. Based on the shooting, appellant was charged with two counts of assault with a semiautomatic firearm (counts 3 and 4) and felon in possession of a firearm (count 5).

On March 30, 2022, appellant fled when police officers attempted to detain him. Appellant left behind a backpack that contained a rifle and ammunition. Based on the items in the backpack, appellant was charged with felon in possession of a firearm (count 6) and felon in possession of ammunition (count 7).

*Appellant Did Not Continuously Possess the Same Firearm*

Appellant claims we must reverse one of his two convictions for being a felon in possession of a firearm because he "[c]ontinuously [p]ossesed the [s]ame [f]irearm." (Bold omitted.) "The [California] Supreme Court has recognized that possession of a firearm by a felon is a continuing offense. [Citations.] . . . [¶]

3

'In the case of continuing offenses, only one violation occurs even though the proscribed conduct may extend over [an] indefinite period.'" (*People v. Mason* (2014) 232 Cal.App.4th 355, 365 (*Mason*).)

In *Mason* the defendant was convicted of four counts of felon in possession of the same firearm. Although each possession had occurred on a different date, the court held that "[a]ll but one of Mason's convictions . . . must be reversed" because "the crime continued—as a single offense—for as long as the *same possession* continued . . . ." (*Mason, supra,* 232 Cal.App.4th at p. 366-367, italics added.)

Like the defendant in *Mason*, appellant was charged with possessing a firearm on different dates. Count 5 charged possession on February 21, 2022, the same date on which appellant committed the two counts of assault with a semiautomatic firearm. Count 6 charged possession on March 30, 2022.

*Mason* is distinguishable because appellant did not possess the same firearm on both dates. A firearms expert observed a video of the February 21, 2022 assaults. He opined that appellant had fired "a semi-automatic handgun." On March 30, 2022, appellant possessed an "AR-type-15-style rifle with a scope . . . attached to it." The handgun and rifle used different ammunition.

Because appellant did not possess the same firearm, his two convictions for felon in possession of a firearm did not involve a continuing offense. Therefore, he was properly convicted on both counts.

*Claim that Sentence on Count 7 Must*
*Be Stayed Pursuant to Section 654*

Appellant argues: "[He] was convicted in count 6 of being a felon in possession of a firearm based on the semiautomatic rifle the police officers found in [his] backpack the evening of March 30, 2022. He was convicted in count 7 of [felon in] possession of ammunition because the police officers found ammunition in the same backpack. . . . The trial court sentenced appellant to concurrent terms for counts six and seven. [Record citation.] The sentence for count 7 should be stayed under section 654."

Section 654, subdivision (a) provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." "'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.'" (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208.)

"'Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination. [Citations.] Its findings will not be reversed on appeal if there is any substantial evidence to support them. [Citations.] We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence.'" (*People v. Latten* (2021) 63 Cal.App.5th 574, 577 (*Latten*).)

Appellant asserts that his "intent in possessing the ammunition [in the backpack (count 7)] was to possess a loaded firearm.  Thus, section 654 applied to count 7."  The People concede that the sentence on count 7 should be stayed "because the ammunition . . . in the . . . backpack appeared to be for the same firearm [count 6] discovered in that . . . backpack."

Both the People and appellant rely on this court's opinion in *People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*).  There, the defendant was charged with felon in possession of a firearm and unlawful possession of ammunition.  We held, "Where, as here, all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment."  (*Id*. at p. 138; see *Latten*, *supra*, 63 Cal.App.5th at p. 577 ["Section 654 'prohibits multiple sentences where the defendant commits different acts that violate different statutes but the acts comprise an indivisible course of conduct engaged in with a single intent and objective'"].)  We concluded that the defendant's "obvious intent was to possess a loaded firearm." (*Lopez*, *supra*, at p. 138.)

*Lopez* is distinguishable.  All of the ammunition here was not loaded into the rifle, and the backpack contained ammunition for two different firearms.  Officer Marlon Gomez testified that inside the backpack he had found "three rifle magazines and one pistol magazine."  Furthermore, because the backpack contained three rifle magazines, the trial court could have reasonably inferred that appellant possessed extra ammunition for the purpose of reloading the rifle after the first magazine had been emptied.

Thus, unlike the defendant in *Lopez*, appellant did not just have an intent "to possess a loaded firearm," i.e., the rifle inside

6

the backpack.  (*Lopez, supra*, 119 Cal.App.4th at p. 138.)
Substantial evidence supports the existence of multiple intents
and objectives.  Accordingly, section 654 does not prohibit
punishment for both possession of the rifle and possession of the
rifle and pistol ammunition in the backpack.

*Claim that Firearm Enhancements Must Be Dismissed*

The trial court "stay[ed] the punishment" on the two
firearm enhancements.  (§ 12022.5, subd. (a).)  The enhancements
were alleged as to counts 3 and 4, which charged appellant with
assault with a semiautomatic firearm against different victims in
violation of section 245, subdivision (b).  Appellant contends,
"This Court should order the firearm enhancements dismissed
under section 1385 because the stay was the functional
equivalent of dismissing them."  The People argue that "the trial
court properly sentenced appellant in this regard."

The prosecutor told the trial court, "Under [section] 12022.5
subdivision (c), the court is required to impose a punishment or
stay a punishment [on the firearm enhancements], depending on
what the discretion of the court is."  Section 12022.5, subdivision
(c) provides, "The court may, in the interest of justice pursuant to
Section 1385 and at the time of sentencing, *strike or dismiss* an
enhancement otherwise required to be imposed by this section."
(Italics added.)  Subdivision (c) mentions nothing about staying
the punishment for the enhancement.

In response to the prosecutor's statement, the trial court
said: "Right.  What I was inclined to do with regard to that would
be to stay the punishment on it, I think the punishment that's
going to be imposed [for the offenses without the firearm
enhancements] is significant enough."

7

The trial court later commented: "I should mention, for the record, that I . . . do have the discretion to just completely dismiss the enhancement under newly enacted legislation [i.e., the amendment of section 12022.5, subdivision (c)[2]]. But I'm declined [*sic*] to do so based on the facts and circumstances of the case, and taking into account that I am staying the punishment on it, so it doesn't add any extra time for that."

The trial court erroneously stayed the punishment for the firearm enhancements. Section 12022.5, subdivision (a) provides, "[A]ny person who personally uses a firearm in the commission of a felony or attempted felony *shall be punished* by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, *unless use of a firearm is an element of that offense*." (Italics added.) Subdivision (d) of section 12022.5 provides, "Notwithstanding the limitation in subdivision (a) relating to being an element of the offense, the additional term provided by this section *shall be imposed* for any violation of Section 245 if a firearm is used . . . ." (Italics added.)

Before the amendment of section 1385, subdivision (c), our Supreme Court held that the imposition of a firearm-use enhancement is mandatory when the jury has found the enhancement true and the defendant has been convicted of assault with a firearm: "Under subdivision (a) [of section 12022.5], the trial court must impose an additional term for personal use of a firearm except when such use is an element of

---

[2] "The Legislature amended section 12022.5, subdivision (c), . . . effective January 1, 2018, to give the trial court discretion to strike, in the interest of justice, a firearm enhancement imposed under [the] statute[]." (*People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1079-1080.)

8

the underlying felony.  If, however, the underlying felony is assault with a firearm, subdivision (d) removes that prohibition. Accordingly, subdivision (d) creates an exception to the proviso in subdivision (a) and renders imposition of a use enhancement mandatory for the enumerated offenses."  (*People v. Ledesma* (1997) 16 Cal.4th 90, 97.)

Punishment for a firearm enhancement under section 12022.5, subdivision (a) may be stayed only when the execution of such punishment is prohibited by section 12022.53 (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1122-1123, fn. 5, 1124), section 654 (*People v. Ahmed* (2011) 53 Cal.4th 156, 163), section 1170.1, subdivision (f) (*People v. Le* (2015) 61 Cal.4th 416), or another statute.  No statute prohibits the execution of punishment on the firearm enhancements here.  Section 654 is inapplicable because counts 3 and 4 charged crimes against different victims.  (*People v. Oates* (2004) 32 Cal.4th 1048, 1064, superseded by statute on other grounds as stated in *People v. Tirado* (2022) 12 Cal.5th 688, 695-696 ["where a defendant commits crimes of violence against multiple victims, section 654 permits imposition of 'a firearm-use enhancement under section 12022.5 . . . for each separate offense for which the enhancement is found true'"].)

Thus, the trial court's order staying punishment for the firearm enhancements was an unauthorized sentence.  The trial court was required to either impose the enhancements without staying the execution of punishment or strike or dismiss them "in the interest of justice pursuant to section 1385."  (§ 12022.5, subdivision (c); see *People v. Scott* (1994) 9 Cal.4th 331, 354, fn. 17 (*Scott*) ["It is well settled . . . that the court acts in 'excess of its jurisdiction' and imposes an 'unauthorized' sentence when it erroneously stays . . . a sentence under section 654"].)

"[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*Scott, supra*, 9 Cal.4th at p. 354.) "[T]he sentence is 'subject to judicial correction whenever the error [comes] to the attention of the trial court or a reviewing court,' even if the correction increases the sentence originally imposed." (*People v. Roth* (2017) 17 Cal.App.5th 694, 703.)

Accordingly, the matter must be remanded to the trial court with directions to vacate its order staying the punishment for the two firearm enhancements. The court must either impose and execute punishment for the firearm enhancements or exercise its discretion to strike or dismiss one or both of them "in the interest of justice pursuant to Section 1385." (§ 12022.5, subd. (c).)

*Pitchess Motion*

"[T]he Legislature has enacted procedures to implement the decision of *Pitchess v. Superior Court* [*supra,*] 11 Cal.3d 531 . . . that allow criminal defendants to seek discovery from the court of potentially exculpatory information located in otherwise confidential peace officer personnel records. If a party bringing what is commonly called a *Pitchess* motion makes a threshold showing, the court must review the records in camera and disclose to that party any information they contain that is material to the underlying case. (See Evid. Code, §§ 1043, 1045.)" (*People v. Superior Court (Johnson)* (2015) 61 Cal.4th 696, 705 (*Johnson*).)

10

Appellant filed a *Pitchess* motion seeking discovery of "[a]ll *Brady* (*Brady v. Maryland* (1963) 373 U.S. 83) information" in the confidential personnel files of three Los Angeles Police Department (LAPD) officers. "Under *Brady* . . . and its progeny, the prosecution has a constitutional duty to disclose to the defense material exculpatory evidence, including potential impeaching evidence. The duty extends to evidence known to others acting on the prosecution's behalf, including the police." (*Johnson, supra,* 61 Cal.4th at p. 709.)

Officer Marlon Gomez was one of the officers for whom *Brady* information was sought. At trial he identified appellant as the perpetrator of the two counts of assault with a semiautomatic firearm. He also identified appellant as the person in possession of the backpack that contained the semiautomatic rifle and ammunition. Officer Gomez personally recovered the rifle and ammunition from the backpack.

The trial court granted the *Pitchess* motion "as to any acts [by the officers] relating to moral turpitude." It conducted an in camera hearing during which the LAPD's custodian of records, Adrian Sedano, informed the court of the content of complaints filed against the officers. After the completion of the in camera hearing, the court told the parties: "The officers had some *Brady* information in their records, but nothing relating to dishonesty, lying, or any kind of moral turpitude. So there's nothing discoverable."

We have reviewed the sealed transcript of the in camera hearing. The record on appeal does not include the actual records of the complaints.

"A trial court's ruling on a motion for access to law enforcement personnel records is subject to review for abuse of

11

discretion." (*People v. Hughes* (2002) 27 Cal.4th 287, 330.) The trial court abused its discretion in declining to disclose information about complaint no. 16-000047, which was filed against Officer Gomez on January 6, 2016. The complaint alleged that Gomez had committed an act of "financial dishonesty" in "that while on duty, [he] removed $45 cash from complainant's purse and failed to return it." Sedeno said the complaint had been "classified as unfounded." The following colloquy subsequently occurred between the trial court and Sedeno:

> "The Court: That was unfounded?
> "Mr. Sedeno: That was unfounded.
> "The Court: All right. [¶] Since it's unfounded, it's not discoverable."

The trial court erred in concluding that the complaint was not discoverable because LAPD had deemed it to be "unfounded." "Unsustained complaints are discoverable as well as sustained complaints." (*People v. Zamora* (1980) 28 Cal.3d 88, 93, fn. 1.) Here, the unsustained complaint in effect alleged that Officer Gomez had committed theft, "a dishonest act." (*People v. Maxey* (1985) 172 Cal.App.3d 661, 668.) Evidence of the allegedly dishonest act would have been admissible to impeach Officer Gomez's credibility unless the court exercised its discretion to exclude the evidence under Evidence Code section 352. (*People v. Dalton* (2019) 7 Cal.5th 166, 214; *People v. Clark* (2011) 52 Cal.4th 856, 931 ["A witness may be impeached with any prior conduct involving moral turpitude whether or not it resulted in a

12

felony conviction, subject to the trial court's exercise of discretion under Evidence Code section 352"].)[3]

"To obtain relief, . . . a defendant who has established that the trial court erred in denying *Pitchess* discovery must also demonstrate a reasonable probability of a different outcome had the evidence been disclosed." (*People v. Gaines* (2009) 46 Cal.4th 172, 182.) Thus, the remedy for *Pitchess* error "is not outright reversal, but a conditional reversal . . . ." (*Id.* at p. 180.) The judgment must be conditionally reversed and remanded to the trial court with directions to afford appellant the opportunity to demonstrate that he was prejudiced by the denial of discovery concerning complaint no. 16-000047. "If the court finds . . . that . . . [appellant] cannot establish that he was prejudiced by the denial of discovery, the judgment shall be reinstated . . . ." (*People v. Wycoff* (2008) 164 Cal.App.4th 410, 416.)

On remand, the trial court shall disclose to appellant and the People the relevant records pertaining to complaint no. 16-000047. The court "shall give [appellant] a reasonable opportunity to investigate the disclosed material . . . ." (*People v. Fernandez* (2012) 208 Cal.App.4th 100, 123.) "Upon motion seasonably made by the [LAPD] or by [Officer Gomez], and upon good cause showing the necessity thereof, the court may make any order which justice requires to protect [the LAPD or Officer Gomez] from unnecessary annoyance, embarrassment or

_____

[3] Evidence Code section 352 provides, "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

oppression." (Evid. Code, § 1045, subd. (d).) The court shall exclude from disclosure the matters required to be excluded pursuant to Evidence Code section 1045, subdivision (b). "The court shall . . . order that records disclosed . . . may not be used for any purpose other than a court proceeding pursuant to applicable law." (*Id.*, subd. (e).)

*Disposition*

The judgment is conditionally reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. If appellant carries his burden of demonstrating a reasonable probability of a different outcome had the evidence concerning complaint no. 16-000047 been disclosed prior to trial, the court shall order a new trial. If appellant fails to carry his burden, the court shall reinstate the judgment. If the judgment is reinstated, the trial court shall vacate its order staying punishment for the two firearm enhancements. The court shall either impose the firearm enhancements without staying the execution of punishment or strike or dismiss one or both of them "in the interest of justice pursuant to Section 1385." (§ 12022.5, subdivision (c).) Nothing in this opinion should be construed as suggesting how the trial court should rule on these matters. If the judgment is reinstated, in all other respects it is affirmed. The trial court shall prepare an amended abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.        CODY, J.


14

David V. Herriford, Judge

Superior Court County of Los Angeles

_____

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.